[No. 5265.   Decided April 21, 1905.]

MARY ANN HARTLEY *et al., Appellants,* v. C. J. LORD, *Respondent.*[1]

EXECUTORS AND ADMINISTRATORS—APPOINTMENT—WILLS—CONTEST—SPECIAL ADMINISTRATOR PENDING CONTEST—PARTIES—EXECUTOR DISQUALIFIED—STATUTES—CONSTRUCTION. Under Bal. Code § 6172, authorizing the appointment of a special administrator other than one of the parties, during the pendency of the contest of a will, the executor of the will is disqualified, being a "party" within the meaning of the statute.

Appeal from an order of the superior court for Thurston county, Linn, J., entered May 24, 1904, appointing a

1Reported in 80 Pac. 554.

special administrator, upon the hearing of conflicting applications therefor. Reversed.[1]

*Frank C. Owings*, for appellants. It was the executor's duty to defend against the contest of the will, and he is therefore a "party." *State ex rel. Richardson v. Superior Court*, 28 Wash. 677, 69 Pac. 375. Under other statutes, the executor has been disqualified. *Mootrie v. Hunt*, 4 Bradf. Sur. (N. Y.) 173; *In re Eddy's Estate*, 31 N. Y. Supp. 423; *Sarle v. Court of Probate*, 7 R. I. 270; *State ex rel. Hamilton v. Guinotte*, 156 Mo. 513, 57 S. W. 281.

*Vance & Mitchell*, for respondent, cited 11 Am. & Eng. Ency. Law (2d ed.), pp. 798, 799, n. 2.

DUNBAR, J.—Horatio Hartley died on the 21st day of January, 1903, in Thurston county, Washington. Thereafter C. J. Lord filed his petition in the superior court, praying, among other things, that a certain purported will of Hartley be admitted to probate, and that letters testamentary be issued to him. Thereafter a contest was instituted by Mary Ann Hartley, wife of said Horatio Hartley, for the purpose of setting aside the said will, on the ground of Hartley's lack of testamentary capacity at the time of making said will, and to have the letters of the executor, under the will, to said C. J. Lord revoked. The court determined the issues in favor of Mrs. Hartley, and the formal judgment was entered on the 4th day of May, 1904, setting aside said will on the grounds alleged, from which judgment an appeal was taken. Mrs. Hartley then gave notice that she would file a petition for the appointment of some suitable person as special administrator of said estate pending said appeal. The counsel for the executor, C. J. Lord, filed a petition for the appointment

[1] See *ante* p. 221, 80 Pac. 433.

of the said C. J. Lord as special administrator of said estate. Thereafter Mrs. Hartley duly filed her petition, praying for the appointment of John Byrne as special administrator, and a similar petition was filed by Byrne, praying for the appointment of himself as special administrator of said estate. On the hearing of these two petitions, together with the petition of said C. J. Lord, the court made its order, on the 24th day of May, 1904, appointing said C. J. Lord a special administrator of said estate. From said order, said John Byrne and Mary Ann Hartley prosecute this appeal.

There is no question of competency raised on this appeal, it being conceded by the appellants that Mr. Lord would be a competent special administrator, from a business standpoint; but it is insisted that he is prevented from acting as such by reason of the provisions of the statute. The whole question here turns upon the construction of Bal. Code, § 6172, which is as follows:

"When, by reason of an action concerning the proof of a will, or from any other cause, there shall be a delay in granting letters testamentary or of administration, the judge may, in his discretion, appoint a special administrator (other than one of the parties) to collect and preserve the effects of the deceased; . . ."

the contention of the appellants being that Mr. Lord, by reason of his executorship, must be considered one of the parties; while the contention of the respondent is to the effect that the parties, within the meaning of the statute, must be parties interested in the estate. It is evident that the provision that the judge may, in his discretion, appoint a special administrator, confers the discretion upon the court to determine whether a special administrator is necessary or advisable under the circumstances, and has no reference to his discretion as to the qualifications of any

particular applicants for that position. Under the provisions of this statute, and the limitations imposed by the exception, we must conclude that the court erred in appointing Mr. Lord, who was already acting as executor of the estate, to the position of special administrator. Here was a contest in which Mr. Lord at least represented one of the parties evidently contemplated by statute. The interest which he represented was the interest of the deceased, or of those claiming under his will, while the interest of Mrs. Hartley, the contestant, was opposed to that interest; and Mr. Lord, as executor representing interests conflicting with those of Mrs. Hartley, we think was plainly a party, as contemplated by the statute. This is one of those statutes concerning which there can be no discussion or elaboration of argument. The court can only say what its interpretation of the statute is, and enter judgment accordingly.

With the view we take of the statute, the court erred, and the judgment will therefore be reversed.

MOUNT, C. J., HADLEY, and FULLERTON, JJ., concur.

RUDKIN, ROOT, and CROW, JJ., took no part.